IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| DOMANTIS, LTD.<br>980 Great West Road<br>Brentford, United Kingdom  TW8 9GS<br><br>           Plaintiff,<br><br>v.<br><br>HON. DAVID KAPPOS<br>Under Secretary of Commerce for Intellectual Property<br>and Director of the United States Patent and Trademark Office<br>Office of the General Counsel<br>United States Patent and Trademark Office<br>600 Dulaney Street<br>Arlington, VA 22314<br><br>           Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiff Domantis, Ltd. ("Domantis"), for its Complaint against the Honorable David Kappos, states as follows:

1.  This is an action by the owner of U.S. Patent No. 7,563,443 ("the '443 patent") seeking review of inaccurate and erroneous patent term adjustment calculations made by the United States Patent and Trademark Office ("USPTO"). Specifically, this is an action by Plaintiff under 35 U.S.C. § 154(b)(4)(A) seeking a judgment that the patent term adjustment of 335 days calculated by the USPTO for the '443 patent should be corrected to 781 days.

2.  This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

3. Plaintiff Domantis is a company organized under the laws of United Kingdom and having a principal place of business at 980 Great West Road, Brentford, United Kingdom TW8 9GS. Domantis is a wholly owned subsidiary of Glaxo Group Limited, a company organized under the laws of United Kingdom and having a principal place of business at 980 Great West Road, Brentford, United Kingdom TW8 9GS.

4. Defendant David Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the USPTO, acting in his official capacity. The Director of the USPTO ("Director") is responsible for superintending or performing all duties required by law with respect to the granting and issuing of patents, and is designated by 35 U.S.C. § 154(b)(3)(B) as the official responsible for determining the period of patent term adjustment.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action and is authorized to issue the requested relief to Plaintiff pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6. Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

7. This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## FACTS

8. On July 21, 2009, the USPTO issued the '443 patent to Plaintiff, entitled "Monovalent anti-CD40L antibody polypeptides and compositions thereof," based on U.S. Patent Application Serial No. 11/102,512, and filed on April 8, 2005 by Steven Grant, Haiqun Liu, and Kevin Moulder. A true copy of the '443 patent is attached hereto as Exhibit 1.

9.   Domantis is the assignee and owner of the '443 patent as evidenced by an assignment of the U.S. Patent Application Serial No. 11/102,512 executed by Steven Grant, Haiqun Liu, and Kevin Moulder and recorded with the USPTO at Reel 012007, Frame 0082 of the USPTO assignment records. Plaintiff Domantis is the real party in interest in this case.

10.   Pursuant to 35 U.S.C. § 154, the Director is required to grant patent term adjustment in accordance with the provisions of 35 U.S.C. § 154(b). Specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11.   In calculating the patent term adjustment, the Director is required to consider USPTO delays under 35 U.S.C. § 154(b)(1)(A) and (B), any overlapping periods in the USPTO delays under 35 U.S.C. § 154(b)(2)(A), and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

12.   The patent term adjustment for the '443 patent, as determined by the Defendant under 35 U.S.C. § 154(b) and listed on the face of the '443 patent, is 335 days. *See* Exhibit 1 at 1.

13.   Had the USPTO calculated the patent term adjustment properly, the '443 patent would be entitled to 781 days of patent term adjustment.

14.   The USPTO's patent term adjustment calculations are erroneous as a matter of law and inconsistent with 35 U.S.C. § 154 pursuant to the recent decision from the U.S. Court of Appeals for the Federal Circuit. *Wyeth and Elan Pharma International, Ltd. v. Under Sec. of Commerce for Intellectual Property*, No. 2009-1120 (Fed. Cir. Jan. 7, 2010). The Federal Circuit affirmed this Court's decision granting summary judgment against the USPTO in *Wyeth v. Dudas*, 580 F. Supp. 2d 138, 88 U.S.P.Q.2d 1538 (BNA) (D.D.C. 2008). True copies of the Federal Circuit's and this Court's opinions are attached hereto as Exhibits 2 and 3, respectively.

15.     The correct patent term adjustment methodology identified in the *Wyeth* decision governs the USPTO's calculation of patent term adjustment for the Plaintiff's '443 patent.

## CLAIM FOR RELIEF

16.     During prosecution of the '443 patent, Plaintiff accrued 484 days of patent term adjustment under 35 U.S.C. § 154(b)(1)(A), and accrued 469 days of patent term adjustment under 35 U.S.C. § 154(b)(1)(B).

17.     35 U.S.C. § 154(b)(2)(A) limits Office delay to the sum of delay under U.S.C. § 154(b)(1)(A) and 35 U.S.C. § 154(b)(1)(B) to the extent such periods of delay are not overlapping.

18.     Under the USPTO's interpretation of 35 U.S.C. § 154, the relevant time period when determining if periods of delay "overlap" is the time period from the filing of the application, April 8, 2005, to the date of issuance of the patent, July 21, 2009.

19.     Thus, under the USPTO's interpretation of 35 U.S.C. § 154, all patent term adjustment accrued under 35 U.S.C. § 154(b)(1)(A) and 35 U.S.C. § 154(b)(1)(B) inherently overlaps. Accordingly, the USPTO maintains that the patent term adjustment set forth on the patent remains at 335 days which is the sum of 484 days of A delay and 469 days of B delay, reduced by 469 days of overlap and further reduced by 149 days for Applicant delay.

20.     In view of the recent decision from the Federal Circuit, the USPTO is obligated to award patent term adjustment under both 35 U.S.C. § 154(b)(1)(A) and 35 U.S.C. § 154(b)(1)(B) except where both delays occur on the same day, in which case the applicant is awarded a single day of patent term adjustment.

21.     Plaintiff agrees with the USPTO's calculation of 484 days of "A Delay" under 35 U.S.C. § 154(b)(1)(A) and agrees with the USPTO's calculation of 469 days of "B delay" under 35

U.S.C. § 154(b)(1)(B) and agrees with the USPTO's calculation of Applicant's delay of 149 days. However, Plaintiff disagrees with the USPTO's designation of overlapping periods of delay used to limit the USPTO's Office delay under 35 U.S.C. § 154(b)(2)(A).

22. In accordance with 35 U.S.C. § 154(b)(2)(A), Plaintiff respectfully asserts that the USPTO erred in considering the 469 day delay under 154(b)(1)(B) for failing to issue a patent within three years of its filing date to be overlapping with the delay of 461 days under 154(b)(1)(A) which occurred during the first three years that the instant application was pending.

23. In contrast, Applicant considers only the twenty-three day delay under 154(b)(1)(A) which occurred more than three years after the filing date of the instant application, to be overlapping with the 469 day delay under 154(b)(1)(B) for failing to issue a patent within three years of its filing date. According to the proper interpretation of 35 U.S.C. § 154(b)(2)(A), only the twenty-three day delay under 154(b)(1)(A) would be forfeited since it is both overlapping and less than the 469 day delay under 154(b)(1)(B).

24. Plaintiff respectfully asserts that the USPTO erred in limiting the final tally of the Office delay by the use of a 469 day overlap in Office delay under 154(b)(1)(B) instead of a twenty-three day overlap in Office delay under 154(b)(1)(B).

25. Plaintiff respectfully asserts that USPTO erred in calculating the sum of the office delays as the period of A delay (484 days) plus the period of B Delay (469 days) reduced by 469 days of overlap. In contrast, Plaintiff respectfully submits that the correct tally of the office delays is the sum of the period of A delay (484 days) and the period of B Delay (469 days) reduced by twenty-three days of overlap.

26.     Specifically, Plaintiff is entitled to 781 days which is the sum of 484 (461 + 23) days of Type A delay and 469 (41 + 2 + 91 +15) days of B delay reduced by twenty-three days of overlap and reduced by 149 days of Applicant delay.

27.     The twenty-three days of "A Delay" and the 469 days of "B Delay" overlap as depicted below:



28.     Under the proper analysis set forth in *Wyeth* and as reflected in the above-diagram, Plaintiff is entitled to 781 days of patent term adjustment calculated as follows:

(a)     484 days of "A Delay,"

(b)     plus 469 days of "B Delay,"

(c)     less 23 days of overlap between the periods of "A Delay" and "B Delay," and

(d)     less 149 days of applicant delay.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(a) issue an Order changing the period of patent term adjustment for the '443 patent from 335 days to 781 days and requiring Defendant to issue a Certificate of Correction to alter the terms of '443 patent to reflect the correct 781 days of patent term adjustment; and

(b) grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Date: January 14, 2010

Respectfully submitted,

**EDWARDS ANGELL PALMER & DODGE LLP**

Brian M. Gaff (Bar No. TX0049)
Kathleen M. Williams (*pro hac vice* pending)
Amy DeCloux (*pro hac vice* pending)
111 Huntington Avenue
Boston, MA 02199-7613
(617) 239-0100
(617) 227-4420 (fax)

James E. Armstrong, IV (Bar No. 460470)
1875 Eye Street, NW
Washington, DC 20006-5421
(202) 478-7370
(202) 478-7380 (fax)

*Attorneys for Plaintiff Domantis, Ltd.*

BOS111_12450428.1